UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
WILLIAM QUINONES,

            Plaintiff,

- against -

C.O. REID, Shield No. 7718, C.O. YOUNG, Shield
No. 10779, C.O. LOPEZ, Shield No. 15427,
C.O. RAMIREZ, Shield No. 11033, C.O. KING, Shield
No. 9710, C.O. McENERNY, Shield No. 8143,
CORRECTION CAPTAIN CARTER, Shield No. 474
and THE CITY OF NEW YORK,

            Defendants.
------------------------------------------------------------------------X

17 CV 3470 (LAK) (KNF)

AMENDED
COMPLAINT AND
JURY TRIAL DEMAND

Plaintiff, WILLIAM QUINONES, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

1. This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourteenth amendment to the Constitution of the United States.

3. Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

4. Plaintiff, invoking the supplemental jurisdiction of this court, also seeks compensatory and punitive damages for battery.

## VENUE

5. Venue is properly alleged in the Southern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff, WILLIAM QUINONES, was and is a natural person, resident in the County of Bronx, City and State of New York.

8. At all times relevant hereto, defendant C.O. REID, Shield No. 7718, (hereinafter "REID") was and is a natural person, employed as a correction officer by defendant CITY OF NEW YORK.

9. At all times relevant hereto, defendant C.O. YOUNG, Shield No. 10779 (hereinafter "YOUNG") was and is a natural person, employed as a correction officer by defendant CITY OF NEW YORK.

10. At all times relevant hereto, defendant C.O. LOPEZ, Shield No. 15427 (hereinafter "LOPEZ") was and is a natural person, employed as a correction officer by defendant CITY OF NEW YORK.

11. At all times relevant hereto, defendant C.O. RAMIREZ, Shield No. 11033 (hereinafter "RAMIREZ") was and is a natural person, employed as a correction officer by defendant CITY OF NEW YORK.

12. At all times relevant hereto, defendant C.O. KING, Shield No. 9710 (hereinafter "KING") was and is a natural person, employed as a correction officer by defendant CITY OF NEW YORK.

13. At all times relevant hereto, defendant C.O. McENERNY, Shield No. 8143 (hereinafter "McENERNY") was and is a natural person, employed as a correction officer by defendant CITY OF NEW YORK.

14. At all times relevant hereto, defendant CORRECTION CAPTAIN CARTER, Shield No. 474 (hereinafter "CARTER") was and is a natural person, employed as a correction captain by defendant CITY OF NEW YORK.

15. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

16. The individual defendants are sued in their individual capacities.

17. On or about May 12, 2016, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claim arose.

18. More than thirty (30) days have elapsed since the aforementioned verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claim.

19. This action is commenced within one year and ninety days from the date the supplemental claims herein accrued.

### AS AND FOR A FIRST CAUSE OF ACTION
### **AGAINST THE INDIVIDUAL DEFENDANTS**
### (42 U.S.C. §1983)

20. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "19" hereinabove as if more fully set forth at length herein.

21. On or about February 17, 2016, and for a period of time prior thereto, plaintiff was a pre-trial detainee, incarcerated in the George R. Vierno Center, which is a

jail located on Rikers Island, in the County of Bronx, City and State of New York, with a post office address of 09-09 Hazen Street, East Elmhurst, New York 11370.

22. On or about February 17, 2016, at approximate 1:30 P.M., plaintiff was walking through a corridor, in the direction of the school area, on the first floor of the aforementioned jail.

23. At the aforementioned time and place, plaintiff was stopped by defendant REID, who was standing on the other side of the gate in the aforementioned corridor.

24. Defendant REID accused plaintiff of not having his inmate ID visible on his clothing.

25. However, plaintiff's ID was clipped onto his clothing, near his stomach.

26. Plaintiff unclipped his ID and handed it to defendant REID.

27. Plaintiff resumed walking toward the school area.

28. As plaintiff was walking, defendants YOUNG, LOPEZ, RAMIREZ, KING, McENERNY and CARTER were walking in the same corridor.

29. Defendant REID called to the aforementioned officers and told them that plaintiff was not wearing his inmate ID.

30. Upon hearing the aforementioned from defendant REID, defendants YOUNG, LOPEZ, RAMIREZ, KING, McENERNY and CARTER slammed the left side of plaintiff's head against the wall.

31. One or more of the aforementioned defendants now pushed plaintiff face down onto the floor.

32. One or more of the aforementioned defendants bent plaintiff's legs upward.

33. Plaintiff told the defendants who were bending his legs as described hereinabove that he had screws in his left ankle from a surgery performed approximately four years previously.

34. Nevertheless, defendants RAMIREZ and McENERNY removed plaintiff's sneakers and tightly flex-cuffed both of his ankles.

35. Defendants REID and LOPEZ then used flex cuffs to tightly bind both of plaintiff's wrists.

36. Plaintiff told the individual defendants that the flex cuffs on his legs and wrists were too tight and that they were hurting him.

37. The individual defendants ignored plaintiff's aforementioned complaints.

38. One or more of the individual defendants picked plaintiff up from the floor, whereupon defendant YOUNG bent plaintiff's wrists.

39. Several of the individual defendants told plaintiff to start walking.

40. Plaintiff responded that he was unable to walk because of the tightness of the flex cuffs binding his ankles.

41. Ignoring plaintiff's complaints, several of the individual defendants forced plaintiff to walk to the intake area of the jail.

42. Plaintiff's ankles began to bleed.

43. Plaintiff screamed in pain.

44. Plaintiff lost consciousness.

45. Plaintiff was placed on a gurney by a deputy warden, transported to the intake area, and locked into a cell.

46. After approximately fifteen minutes had passed, the flex cuffs were cut off plaintiff's wrists and ankles.

47. Plaintiff's wrists and ankles were now bleeding.

48. Plaintiff was taken to the infirmary, upon information and belief by defendant YOUNG, for treatment to his wrists and ankles.

49. Plaintiff continued to receive wound care for his wrists and ankles for twenty-seven days.

50. The individual defendants violated plaintiff's right to the due process of law guaranteed to him by the fourteenth amendment to the Constitution of the United States in that, while acting under color of state law, they, without any cause or provocation whatsoever, intentionally bound his wrists and ankles tightly with flex cuffs and forced him to walk while so encumbered as to cause him severe pain, physical injury, scarring and extreme mental anguish.

51. By reason of the aforementioned violation of his right to the due process of law guaranteed to him by the fourteenth amendment to the Constitution of the United States, committed against him by the individual defendants hereto, plaintiff was rendered sick, sore, lame and disabled, required nearly one month of medical treatment for his injuries, suffered scarring to his ankles and wrists, and suffered great mental anguish.

52. By reason of the aforementioned unconstitutional and illegal actions taken against him by the individual defendants, while they were acting under color of state law, plaintiff has been damaged in an amount sufficient to compensate him for his injuries and damages as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST THE INDIVIDUAL DEFENDANTS
## and THE CITY OF NEW YORK
## (Battery)

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "52" hereinabove as if more fully set forth at length herein.

54. On or about February 17, 2016, at approximately 1:30 P.M., in a corridor near the school area on the first floor of the George R. Vierno Center, located at Rikers Island in the County of Bronx, City and State of New York, with a post office address of 09-09 Hazen Street, East Elmhurst, New York 11370, plaintiff was offensively touched by the individual defendants when they intentionally and maliciously slammed his head against a wall, threw him violently to the floor, tightly bound his wrists and ankles with flex cuffs and forced him to walk while in great pain and so encumbered.

55. At the time that the individual defendants battered plaintiff as hereinabove described, they were acting within the scope of their employment by defendant CITY OF NEW YORK.

56. As a result of the aforementioned intentional and malicious acts of the individual defendants, committed while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff was rendered sick, sore, lame and disabled, required nearly one month of medical treatment for his injuries, suffered scarring to his ankles and wrists, and endured great mental anguish.

57. As a result of the aforementioned intentional and malicious acts of battery visited upon him by the individual defendants, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff has been damaged in an

amount sufficient to compensate him for his injuries and damages as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants.

WHEREFORE, plaintiff, WILLIAM QUINONES, demands judgment against defendants, C.O. REID, Shield No. 7718, C.O. YOUNG, Shield No. 10779 C.O. LOPEZ, Shield No. 15427, C.O. RAMIREZ, Shield No. 11033, C.O. KING, Shield No. 9710, C.O. McENERNY, Shield No. 8143, CORRECTION CAPTAIN CARTER, Shield No. 474 and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants; and

SECOND CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
February 7, 2018

_____
ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 307
Kew Gardens, New York 11415
(718) 793-6363
Our File No. 2360